Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 50006 | **DATE** | 6/4/2004 |
| **CASE TITLE** | Schaid vs. Woodward Governor Co. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons stated on the reverse Memorandum Opinion and Order, Woodward's motions to strike the demand in Count 10 for compensatory and punitive damages and for a jury trial on the ADA retaliation claim are granted. Woodward's motions to strike allegations pertaining to sex discrimination in Count III, sex and race discrimination in Count IV and paragraph A of the prayer for relief in Count IV are denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | 6-7-04 | |
| | Notified counsel by telephone. | | date docketed | 11 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 6-4-04 | |
| | | | date mailed notice | |
| /SEC | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff Waltraud Schaid ("Schaid") has brought suit against Defendant Woodward Governor Company ("Woodward") under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq ("Title VII"), the Civil Rights Act of 1866 as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981, and the Americans With Disabilities Act (the "ADA"), 42 U.S.C. §12101 et seq. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and 1343 and 42 U.S.C. §2000e-5(f)(3).

Schaid brings a four count action, supported by 75 paragraphs of facts, against Woodward alleging sex discrimination pursuant to Title VII in Count I, retaliation pursuant to Title VII in Count II, retaliation pursuant to §1981 in Count III, and retaliation pursuant to the ADA in Count IV. Woodward makes a motion to strike allegations in Count III that reference facts that pertain to sex discrimination and makes a motion to strike allegations in Count IV that reference facts that pertain to sex discrimination and discrimination based on race under Federal Rules of Civil Procedure 8(e), 10(b), and 12(f). Woodward also seeks to strike from Count IV allegations that demand compensatory and punitive damages in addition to elements in Count IV that demand a trial by jury. Lastly, Woodward seeks to dismiss Paragraph A of Schaid's Prayer for Relief in Count IV because it requests relief pursuant to 42 U.S.C. §1201 as opposed to §12101.

As for Woodward's motion to strike allegations in Count III that reference facts that pertain to sex discrimination and motion to strike allegations in Count IV that reference facts that pertain to sex discrimination and discrimination based on race under Federal Rules of Civil Procedure 8(e), 10(b), and 12(f), Woodward has not met its burden under the rules cited. Woodward has not offered reasons as to why the portions of Schaid's Complaint that are in contention are required to be struck due to alleged violations of FRCP 8(e), 10(b), and 12(f). Citing case law without an application to the present case does not satisfy the burden. Furthermore, and perhaps more pertinently, Schaid has re-alleged the facts because they occurred in the same context as the facts that support her claim of retaliation based on race, proffering a basis for which the facts that pertain to discrimination based on race occurred. Similarly, Schaid has re-alleged these facts because they occurred in the same context as the facts that support her claim for violation of the ADA, proffering a basis for which the facts that pertain to a violation of the ADA occurred. For the reasons stated, Woodward's motion to strike allegations in Count III that reference facts that pertain to sex discrimination and motion to strike allegations in Count IV that reference facts that pertain to sex discrimination and discrimination based on race under Federal Rules of Civil Procedure 8(e), 10(b), and 12(f) are denied.

As for Woodward's motion to strike from Count IV allegations that demand compensatory and punitive damages, a party bringing an ADA retaliation claim against an employer does not have compensatory and punitive damages available to her. Kramer v. Banc of Am. Sec., LLC, 355 F.3d 961, 965 (7th Cir. 2004). Schaid has acknowledged there is no longer a basis for her request for compensatory or punitive damages in Count IV (her Complaint was filed before Kramer became precedent). As for Woodward's motion to strike allegations in Count IV that demand a trial by jury, a plaintiff not entitled to recover compensatory and punitive damages under a retaliation claim pursuant to the ADA "has no statutory or constitutional right to a jury trial." Id. at 966. Federal Rule of Civil Procedure 39(a) states "...The trial of all issues so demanded shall be by jury, unless...(2) the court upon motion...finds that a right of trial by jury...does not exist under the Constitution or statutes of the United States." Fed. R. Civ. P 39(a). Schaid has likewise acknowledged that there is no longer a basis for her request for a jury trial with regard to Count IV. For the reasons stated, Woodward's motion to strike from Count IV allegations that demand compensatory and punitive damages and motion to strike allegations in Count IV that demand a trial by jury are granted.

Lastly, Woodward seeks to dismiss Paragraph A of Schaid's Prayer for Relief in Count IV because it requests relief pursuant to 42 U.S.C. §1201 as opposed to §12101. In Paragraph 1 of her Complaint, Schaid properly named the statute she sought to utilize: 42 U.S.C. §12101. In her Prayer for Relief in Count IV she merely omitted a single digit and Woodward unnecessarily has sought to dismiss because of this omission. It is evident that a typo was made in creating Paragraph A of Count IV of the Complaint and Schaid has stated as much in her Opposition to Woodward's motion to dismiss. Woodward's motion to dismiss Paragraph A of Schaid's Prayer for Relief in Count IV is denied.